LIVINGSTON *v.* FOREST PARK CORPORATION.

Opinion delivered December 15, 1930.

*McGill & McGill, Gish & Johnson, Owens & Ehrman* and *John M. Lofton, Jr.,* for appellant.

*Breckenridge & Bostick, Williams & Williams* and *A. L. Smith,* for appellee.

McHANEY, J. In the case of *Mazda Oil Corporation v. Sloan, post* p. 945, we sustained the right of the Forest Park Corporation to borrow money from the appellee, Thompson Oil & Gas Company, and affirmed a judgment in its favor against the Forest Park Corporation for approximately $100,000. This judgment was rendered in the chancery court of Benton County on November 8, 1929. Shortly after the rendition of this judgment, the officers of the Forest Park Corporation called a meeting of the common stockholders for December 27, 1929, notice of which was given to all holders of common stock, they being the only stockholders entitled to vote at such meeting, for the purpose of determining what further steps should be taken to pilot its course through the stormy seas of financial difficulties which had overtaken it. This meeting was held according to notice, and a resolution was then and there adopted to dissolve the corporation, liquidate its assets, and surrender its charter to the State. Appropriate certified copies of this resolution were promptly filed with the county clerk and Secretary of State by the proper officers of the company, who were authorized and directed so to do by said resolution. On the next day after said meeting, December

28, Thompson Oil & Gas Company filed its complaint in the chancery court, alleging the insolvency and the dissolution of the corporation as above stated, the indebtedness to it, and other allegations showing the necessity for the appointment of a receiver, and prayed that a receiver be appointed to take charge of the assets. This was done on the same day, without objection, and the cause continued to January 10, to permit objection to the granting of a petition for an order to sell the assets. Appellants, Mrs. A. M. Livingston and four others, intervened in this action and made objections to the appointment of a receiver and to the petition to sell the properties on a number of grounds, some of which have now passed out of the case by reason of the decision in *Mazda Oil Corporation* v. *Sloan, supra*. The court overruled all objections, declined to permit further proof thereon, and on March 4, entered an order confirming the appointment of C. R. Jones as receiver, directed him to make and file on or before March 12, 1930, a correct inventory of all assets, and continued the matter to March 14 to set a date of sale. On the latter date the court ordered the property sold on April 10 on terms fixed by the court, which sale was held and report made that all the assets were sold to the judgment creditor for $80,000, it being the only person who had filed a claim. This report was approved, confirmed and deed ordered made to purchaser of all real estate and proper assignment and delivery of all personal property to it. The interveners have appealed.

Complaint is made that the directors of the Forest Park Corporation failed to protect the interests of the stockholders, and that they resisted every action of the interveners. What they could have done to save the company is not pointed out, and we are unable to see wherein they violated their trust. It was hopelessly insolvent. This is nowhere denied by appellants. It owed Thompson Oil & Gas Company on judgment more than $100,000, had no money with which to keep its property insured, to pay taxes, or to hire a caretaker, much less to pay said judgment and operate its properties as a summer resort

known as Forest Park. It had operated during the past season at a heavy loss.

The principal contention for a reversal seems to be that the court acted arbitrarily in refusing to permit appellants to fully develop their case. They say they wanted to prove that no notice was given to holders of preferred stock of the meeting at which the dissolution resolution was voted; that a large amount of stock voting in favor of said resolution had been issued without consideration and was void; that certain common stock had been issued to Mr. Breckenridge and Williams & Williams illegally; and that, on account of the pending appeal in *Mazda Oil Corporation* v. *Sloan*, it could not be definitely known whether the judgment in favor of Thompson Oil & Gas Company would be sustained, and, if reversed, Forest Park Corporation would be solvent and owe no debts. It occurs to us, as it undoubtedly did to the trial court, that none of the evidence desired to be offered, was of any importance to a proper determination of the case, and therefore immaterial and irrelevant. Whether the holders of preferred stock were entitled to notice or not, we do not decide, for the court had the power and the duty to appoint a receiver on petition of Thompson Oil & Gas Company irrespective of the stockholders' meeting, or any action taken thereat, in view of the facts alleged in the petition therefor. Therefore it becomes immaterial as to whether common stock voted for the resolution which had been improperly issued. In *Mazda Oil Corporation* v. *Sloan*, it was definitely decided that there was a valid judgment against Forest Park Corporation. So we are unable to see wherein any of the evidence appellants wanted to offer could have changed the result. The property has been sold for $80,000. The sale was widely advertised in the leading newspapers of Arkansas and Oklahoma. Appellants had notice of the day of sale. It brought a very substantial sum, of which no complaint is made, but not enough to pay the judgment creditor in full, and nothing to preferred stockholders. They

being prior to common stock, with Class A preferred ahead of Class B, we think it cannot very much concern a Class B preferred stockholder how much common is outstanding, and whether issued legally or otherwise, as it is without value except possibly for decorative purposes, or perhaps as silent reminders of a pleasant dream.

Affirmed.